Majestic Acupuncture, P.C., as Assignee of Lucila Hernandez, Shifro Khaimova and Robin Khaimova, Respondent,
against
Interboro Mutual Ins. Co., Appellant.




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum of counsel), for appellant.
Zara Javakov, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered September 16, 2014. The order denied defendant's motion to sever so much of the complaint as sought to recover upon a claim for services rendered to Lucila Hernandez from the remaining claims.




ORDERED that the order is affirmed, with $25 costs.
The complaint in this action by a provider to recover assigned first-party no-fault benefits seeks to recover for services that had been rendered to three assignors. Defendant moved, pursuant to CPLR 603, to sever so much of the complaint as sought to recover upon a claim for services rendered to Lucila Hernandez from the remaining claims, which sought to recover upon claims for services rendered to Shifro Khaimova and Robin Khaimova. Defendant's counsel asserted that the claims had arisen out of two different accidents and that multiple defenses had been interposed in the answer. The Civil Court denied defendant's motion.
The decision to grant severance (see CPLR 603) is an exercise of judicial discretion which, in the absence of a party's showing of prejudice to a substantial right, should not be disturbed on appeal (see King's Med. Supply, Inc. v GEICO Cas. Ins. Co., 14 Misc 3d 136[A], 2007 NY Slip Op 50232[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). In the instant matter, while the assignors were injured in separate accidents and defendant interposed 50 [*2]defenses in its answer, these two facts, standing alone, do not demonstrate that resolution of the claims for services rendered to plaintiff's assignors will involve different questions of fact and law. As such, the record does not establish that the Civil Court's denial of defendant's motion was an improvident exercise of discretion.
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2018